IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **AZMI DAOUD,**<br>　　Plaintiff,<br>vs.<br><br>**JOE KAFEENA individually,** and<br>**FAR AND AWWAD INC.,** d/b/a<br>**BEACON FOOD MART,**<br>　　Defendants. | ]<br>]<br>]<br>]<br>]　CASE NUMBER: CV-2018-____<br>]<br>]<br>] |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). The plaintiff seeks payment for unpaid wages; overtime worked and liquidated damages that he was deprived of due to the defendant's violations of the Fair Labor Standards Act. The plaintiff further seeks reasonable attorney's fees and cost pursuant to 29 U.S.C § 216(b).

## JURISDICTION and VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C §216(b) of the Fair Labor Standards Act, By 28 U.S.C §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3. The cause of action set forth in this Complaint arose in this District.

## PARTIES

**A. Plaintiff**

4. The Plaintiff, Azmi Daoud, is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and is a former employee of the Defendants.

5. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendants was subject to the full protection of the Fair Labor Standards Act and was not exempt from its coverage and protection.

**B. Defendants**

6. The Defendant, FAR AND AWWAD, INC. d/b/a BEACON FOOD MART (hereinafter "Shell"), upon information and belief, is and was at all the relevant times herein, a domestic corporation with a principal place of business located at 700 valley Avenue, Birmingham, Alabama 35242.

7. The Defendant, FAR AND AWWAD INC. D/B/A Beacon Food Mart, lists its registered agent as Joe Kafeena with the registered address as 700 Valley Avenue; Birmingham, AL 35209. The Defendant is an Alabama corporation conducting business within the State of Alabama.

8. The Defendant, Joe Kafeena (hereinafter "JK") is and was, at all relevant times, a resident of Birmingham, Alabama with a residence address at 6105 Rosemont Court, Birmingham, Alabama, 35242.

9. The Defendant, Joe Kafeena, is the owner and operator of the Beacon Food Mart ("Shell") and can be served in his individual capacity at 6105 Rosemont Court, Birmingham, Alabama, 35242.

10. The Defendants are enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act, 29.

11. The Defendants are considered employer within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d), and are not otherwise exempt from the requirements of this Act.

**FACTUAL ALLEGATIONS**

12. The plaintiff, Azmi Daoud, was employed by the Defendants from approximately mid September 2012 through December 1, 2017.

13. The Plaintiff was an employee who was engaged in interstate commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce. Specifically, the Plaintiff was employed as a general laborer by the Defendants throughout his employment.

14. Throughout his employment, the Plaintiff was improperly treated as a salaried exempt employee.

15. By treating Plaintiff as salaried exempt employee, the Plaintiff was improperly denied the premium overtime rate of pay for each hour worked above forty (40) in a work week as required by the Fair Labor Standards Act.

16. Further, the salary the Plaintiff received did not compensate him at the minimum rate of pay required by the Fair Labor Standards Act.

17. The Plaintiff was not exempt either from the minimum wage requirements or the overtime requirements of the Fair Labor Standards Act.

18. The Plaintiff was typically required to work more than sixty (60) hours per week sometimes reaching eighty (80) hours per week.

19. The Defendants have a duty to maintain certain records under 29 U.S.C § 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate his damages in this case.

20. The Defendants have willfully failed to comply with the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, specifically by failing to pay the Plaintiff for the hours he has worked.

21. Further, the Defendants have willfully failed to comply with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, specifically by failing to pay the Plaintiff at the premium overtime rate for each hour over forty he worked in a work week.

22. Further, Defendant, "JK" had a suspicious routine habit of borrowing money from the Plaintiff and returning the borrowed amount in cash; The Defendant, "JK" borrowed money from the Plaintiff on two separate occasions dated May 23, 2017 and June 13, 2017 totaling the amount of Fifteen Thousand Dollars and 00/100 ($15,000.00), but the Defendant did not pay back the Plaintiff the amount borrowed since that time.

23. Further, Plaintiff found a buyer for the business property owned by the Defendant sand the Defendant "JK" promised to compensate the Plaintiff amount of Ten Thousand Dollars and 00/100 ($10,000.00) as founder money. The defendant did not pay the Plaintiff this amount and Plaintiff was fired from the job when asked for this earned fee commission.

**COUNT ONE - VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

24. The Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. The Defendant has failed to compensate the plaintiff for all hours worked during his employment.

26. The Defendants' failure to comply with the law was willful.

27. The Defendants, by such failure, have willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for all amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the defendants' willful violation of the

plaintiff's rights, plus an equal amount in liquidated damages Pursuant to the Fair Labor Standards Acts, 29 U.S.C. §216(b).

### COUNT TWO - VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. The Plaintiff re-alleges paragraphs 1 through 27 as though fully set forth herein.

29. The Defendants failed to compensate the plaintiff at the premium overtime rate required for all hours worked above forty (40) in a work week.

30. The Defendants' failure to comply with the law was willful.

31. The Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the plaintiff and against the Defendants for all amounts of wages that the plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b).

### COUNT THREE – BREACH OF CONTRACT

32. The Plaintiff re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. The Defendant "JK" mutually agreed that plaintiff shall receive an amount of $10,000.00 as compensation for finding a ready, willing and able buyer for the "Shell" business property as the founder fee.

34. The Plaintiff procured such buyer namely, Abdullah Awad, and the buyer purchased the said business property.

35. The Defendant refused to pay the founder fee due to the Plaintiff as agreed and subsequently fired the Plaintiff when insisted in receiving the said earned fee.

**WHEREFORE**, based on the averments set forth above, as well as the evidence that will be presented in this action, and pursuant to Alabama law, Plaintiff demands judgments

against Joe Kafeena individually and doing business as Shell C-Store, in the amount of $10,000.00 plus interest, attorney fees and costs of this action.

## COUNT FOUR – UNJUST ENRICHMENT

36. The plaintiff re-alleges paragraphs 1 through 35 as though fully set forth herein.

37. The Defendant borrowed money from the Plaintiff as evidenced in the amount of $15,000.00 and promised to pay back the debt owed the Plaintiff in a very short time.

38. The Defendant refused to pay the amount owed to the Plaintiff.

**WHEREFORE**, based on the averments set forth above, as well as the evidence that will be presented in this action, and pursuant to Alabama law, Plaintiff demands judgments against Joe Kafeena individually and doing business as Shell C-Store, LLC in the amount of $15,000.00, by a fact finder, plus interest, attorney fees and costs of this action.

## VERIFICATION

I, the undersigned, being first duly sworn, depose and say as follows:

My name is Azmi Daoud, and I am the Plaintiff named in the foregoing Complaint. I have read the foregoing complaint and the facts stated therein are true and correct to the best of my information, knowledge and belief.

_____  1/21/2018

**Azmi Daoud**, Plaintiff

Respectfully submitted,

_____
Ahmad M. Shabani (SHA085)
Attorney for Plaintiff
Shabani Law Group, LLC
3156 Pelham Pkwy
Pelham, AL 35124
Ph: (205) 624-4044
(Fax): (205) 624-4045

**PLEASE SERVE THE FOLLOWING VIA U.S. MAIL CERTIFIED:**

FAR AND AWWAD, INC. d/b/a BEACON FOOD MART
c/o Joe Kafeena
700 Valley Avenue
Birmingham, AL 35242


JOE KAFEENA
6105 Rosement Court
Birmingham, AL 35242